**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Robert S. Dolgow D.D.S., P.A., <br><br>            Plaintiff <br><br> v. <br><br> Delta Dental Insurance Company; DeltaCare USA; Delta USA Inc.; Delta Dental Plans Association; Delta Dental Insurance Company Alabama; Delta Dental of Alaska; Delta Dental of Arizona; Delta Dental of Arkansas; Delta Dental of California; Delta Dental of Colorado; Delta Dental of Connecticut; Delta Dental of Delaware; Delta Dental of the District of Columbia; Delta Dental of Florida; Delta Dental Insurance Company–Georgia; Hawaii Dental Service; Delta Dental of Idaho; Delta Dental of Illinois; Delta Dental of Indiana; Delta Dental of Iowa; Delta Dental of Kansas; Delta Dental of Kentucky; Delta Dental Insurance Company–Louisiana; Delta Dental of Maryland; Delta Dental of Massachusetts; Delta Dental of Michigan; Delta Dental of Minnesota; Delta Dental Insurance Company–Mississippi; Delta Dental of Missouri; Delta Dental Insurance Company–Montana; Delta Dental of Nebraska; Delta Dental Insurance Company–Nevada; Delta Dental of New Jersey; Delta Dental of New Mexico; Delta Dental of New York; Delta Dental of North Carolina; Delta Dental of North Dakota; Northeast Delta Dental (of Maine, New Hampshire and Vermont); Delta Dental of Ohio; Delta Dental of Oklahoma; Delta Dental of Oregon; Delta Dental of Pennsylvania; Delta Dental of Puerto Rico; Delta Dental of Rhode Island; Delta Dental of South Carolina; Delta Dental of South Dakota; Delta Dental of Tennessee; Delta Dental Insurance Company–Texas; Delta Dental Insurance Company–Utah; Delta Dental of Virginia; Delta Dental of Washington; Delta Dental of West Virginia; Delta Dental of Wisconsin; and Delta Dental of Wyoming. <br><br>            Defendants | Case No. 1:19-cv-06734 <br><br> Honorable Elaine E. Bucklo <br><br> Honorable Magistrate Sidney I. Schenkier |

## MOTION FOR REASSIGNMENT AND MEMORANDUM IN SUPPORT

Plaintiff Robert S. Dolgow, along with plaintiffs B. Kyle Benton, P.A., Kaufman & Kaufman Smile Design Studio LLC, Legacy Dental Associates, P.C., Dr. Rick Lindley, D.D.S., F.I.C.D., Dr. Stephen P. Dultz, D.M.D., and Simon and Simon, P.C., by and through their attorneys, submit this Motion for Reassignment and Memorandum in Support pursuant to Local Rule 40.4. Plaintiffs seek an order designating six cases as related to the present case, and reassignment of those cases to the Honorable Elaine Bucklo, to whom the lowest numbered of the related cases is already assigned: *Dolgow v. Delta Dental Insurance Company, et al.* (1:19-cv-6734). Delta Dental Plans Association and Delta USA Inc.—parent companies of the majority of defendants, and the only defendants so far to have retained counsel—do not oppose this motion, and agree that it is appropriate to designate the six cases as related to and to reassign them to a single judge. In support of its motion, Plaintiffs state as follows:

## I.      INTRODUCTION

On October 11, 2019, Plaintiff Robert S. Dolgow filed the instant case, *Dolgow v. Delta Dental Insurance Company et al.* ("*Doglow* Complaint" or "*Doglow* Compl."), which was assigned to Judge Bucklo, who holds the lowest docket number among the six cases, under the case number 1:19-cv-6743. (A copy of the *Doglow* Complaint is attached as Exhibit 1 hereto). The *Dolgow* Complaint asserts that a group of fifty-four affiliated corporate defendants ("Delta Dental") suppressed competition and fixed prices in violation of the Sherman Act. *Dolgow* Compl. §§ 195-224. Plaintiff Robert Dolgow seeks an injunction and damages on behalf of himself and a class of similarly-situated dentists in the United States. *Dolgow* Compl. §§ 186-88.

Later the same day, five virtually identical class action complaints were filed in the Northern District of Illinois against the same group of fifty-four Delta Dental defendants: (1) *B.*

1

*Kyle Benton, P.A. v. Delta Dental Ins. Co., et al.* (1:19-cv-06739) (attached as Exhibit 2 hereto); (2) *Kaufman & Kaufman Smile Design Studio LLC v. Delta Dental Ins. Co., et al.* (1:19-cv-06743) (attached as Exhibit 3 hereto); (3) *Legacy Dental Associates, P.C. v. Delta Dental Ins. Co., et al.* (1:19-cv-06744) (attached as Exhibit 4 hereto); (4) *Dr. Rick Lindley, DDS, FICD v. Delta Dental Ins. Co., et al.* (1:19-cv-06747) (attached as Exhibit 5 hereto); and (5) *Dr. Stephen P. Dultz DMD v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-06758) (attached as Exhibit 6 hereto). On October 14, 2019, a sixth case was filed alleging substantially similar claims. *Simon and Simon v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-06776) (attached as Exhibit 7 hereto). These additional cases were assigned to different judges in this District.[1]

On October 23, 2019, undersigned counsel conferred with counsel for Defendants Delta Dental Plans Association and Delta USA Inc., regarding this motion for reassignment.[2] Counsel for those two defendants confirmed they did not object to designating the cases as related to the lowest-numbered and first-filed *Dolgow* case before Judge Bucklo, and to reassigning all of the six later-filed cases to Judge Bucklo. Although Local Rule 40(c) provides that motions for reassignment "should not generally be filed until after the answer or motions in lieu of answer have been filed" so that "all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment," here all the plaintiffs and leading defendants agree reassignment is appropriate.

As explained in this motion, each of these lawsuits is related under Local Rule 40.4, as all of the lawsuits share common questions of law and fact based on virtually identical allegations

---

[1] The *B. Kyle Benton* case was assigned to Judge Jorge Alonso (1:19-cv-06739); the *Kaufman & Kaufman Smile Design Studio* case was assigned to Judge Charles Norgle (1:19-cv-06743); the *Legacy Dental Associates Case* was assigned to Judge Andrea Wood (1:19-cv-06744); the *Rick Lindley* case was assigned to Judge Jorge Alonso ("1:19-cv-06747"); the *Stephen P. Dultz* case was assigned to Judge Martha Pacold (1:19-cv-06758); and the *Simon and Simon* case was assigned to Judge John Tharp (1:19-cv-06776).

[2] To date, counsel for the other defendants have not filed notices of appearance or otherwise identified themselves, as service of process is ongoing, and thus Plaintiffs' counsel have not been able to meet and confer with counsel for those other defendants regarding this motion.

2

and claims. Plaintiffs respectfully request that this Court enter an order recommending that each of the six later-filed cases be designated as related to the instant lawsuit (1:19-cv-6734) and be reassigned to Judge Bucklo.

## II. LEGAL STANDARD

Under Local Rule 40.4(b), "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge[.]" L.R. 40.4(b). Cases are related if they (1) involve the same property, (2) involve some of the same issues of fact or law, (3) grow out of the same transaction or occurrence, or (4) in class action suits, if one or more of the classes involved is the same. L.R. 40.4(a). Where cases are deemed related, they may be reassigned to the judge overseeing the lowest-numbered case if each of the following criteria is satisfied:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The decision to reassign cases is within the discretion of the Court. *Gautreaux*, 2013 WL 5567771, at *3.

## III. ARGUMENT

### A. The Six Later-Filed Cases Are Related—Indeed, Virtually Identical—To *Dolgow v. Delta Dental Insurance Company, et al.*

Under Local Rule 40.4, cases may be reassigned if they involve even just "some of the same issues of fact or law." *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016). Here, the six later-filed cases involve identical issues of fact and law with the first-filed *Dolgow* case before Judge Bucklo. Each of the seven cases was filed against the same group of fifty-four Delta Dental entities. The plaintiff in each case is a dentist

3

or dental practice that accepts patients with Delta Dental insurance. For example, Plaintiff Robert Dolgow "is a dental services provider" from Florida who "provided dental goods and services to consumers insured by Delta Dental." Ex. 1, *Dolgow* Complaint § 9. Similarly, Plaintiffs Dr. Kyle Benton, Dr. Rick Lindley, and Dr. Steven Dultz are dentists from Arkansas, California, and New Jersey, respectively, who served patients with Delta Dental insurance. *See* Ex. 2, *Benton* Compl. § 9[3]; Ex. 5, *Lindley* Compl. § 9; Ex. 6 *Dultz* Compl. § 9. Plaintiffs Kaufman & Kaufman Smile Design Studio, LLC and Simon and Simon, P.C. (d/b/a City Smiles) are both Illinois-based dental services providers that serve Delta Dental patients (Ex. 3, *Kaufman* Compl. § 9, and Ex. 7, *Simon* Compl. § 18), while Legacy Dental Associates, P.C., is a Texas-based dental services provider. Ex. 4, *Legacy* Compl. § 9.

Each plaintiff similarly alleges that "[a]s a result of [Delta Dental's] anticompetitive conduct," it was "deprived of the choice of accepting dental patients under a greater number of insurance plans" and thereby suffered injuries to its dental practice. *See, e.g.,* Ex. 1, *Dolgow* Compl. § 9; Ex. 2, *Benton* Compl. § 9; Ex. 3, *Kaufman* Compl. § 9; Ex. 4, *Legacy* Compl. § 9; Ex. 5, *Lindley* Compl. § 9; Ex. 6, *Dultz* Compl. § 9; Ex. 7, *Simon* Compl. § 47 (defendants' anticompetitive conduct "has caused [dental practices] to receive lower reimbursement rates than they would have received in the more competitive market that would have resulted in its absence, and they have sustained damages as a result."). In all seven cases, plaintiffs allege that Delta Dental has divided the United States into 39 territories in which each Delta Dental state insurer is free from competition from other Delta Dental insurers in its assigned territory. *See, e.g.,* Ex. 1, *Dolgow* Compl. § 3 ("By carving the 50 U.S. States into 39 exclusive territories in which the Delta Dental State Insurers are guaranteed to be free from competition from other Delta Dental State Insurers, the Delta Dental State Insurers have each secured monopsony control within their

---

[3] The *Benton* complaint incorrectly records plaintiff as being from Pennsylvania, not Arkansas, and will be corrected at an appropriate time.

assigned territories[.]”); *see also* Ex. 2 § 3 (same); Ex. 3 § 3 (same); Ex. 4 § 3 (same); Ex. 5 § 3 (same); Ex. 6 § 3 (same); Ex. 7, *Simon* Compl. § 2 (“Plaintiff alleges that the Delta State Plans engaged in a market division conspiracy by dividing the U.S. dental insurance market into 39 territories and setting forth that within each Delta State Plan’s territory, which is usually one state but in some cases encompasses multiple states, other Delta State Plans will not compete”). Each of the seven plaintiffs alleges that the defendants “conspired to fix and reduce the reimbursement rates that they pay to Delta Practices,” and that defendants’ monopsony power in each state allows defendants “to abuse their market power in order to force Delta Practices to accept these lower reimbursement rates.” Ex. 1, *Dolgow* Compl. § 5 (“Defendants’ Price Fixing Conspiracy takes the form of Defendants agreeing among themselves upon the rates at which they will reimburse the Delta Dental Providers . . . [b]y conspiratorial agreement, Defendants set these prices at lower than market rates, and then abuse their monopsony control of the dental insurance market to force these rates onto the Delta Dental Providers.”); Ex. 2 § 5 (same); Ex. 3 § 5 (same); Ex. 4 § 5 (same); Ex. 5 § 5 (same); Ex. 6 § 5 (same); Ex. 7, § 3 (same).

These seven cases also share common issues of law. Plaintiffs’ claims in all of the lawsuits at issue are virtually identical: all seven plaintiffs seek injunctive relief under 15 U.S.C. §§ 1, 2, and 26 for anticompetitive behavior in violation of the Sherman and Clayton Acts. *See, e.g.,* Exs. 1-6, §§ 195-200 and Ex. 7 §§ 86-98. All plaintiffs allege that defendants conspired, in violation of 15 U.S.C. § 1, to allocate geographic markets where defendants would not compete with each other. *See, e.g.,* Exs. 1-6 §§ 201-205 and Ex. 7 §§ 99-102. All plaintiffs further allege that defendants set prices “at an artificially low level” in each territory. *See, e.g.,* Exs. 1-6 §§ 206-211 and Ex. 7 §§ 103-107. All plaintiffs bring claims for monopsonization and conspiracy to monopsonize in violation of 15 U.S.C. § 2 (*see* Exs. 1-6 §§ 212-224; Ex. 7 §§ 108-116), and seek treble damages, a permanent injunction, and declarations that Delta Dental has

5

violated federal antitrust laws.  *See, e.g.,* Exs. 1-6 § 225; Ex. 7 § 116.

All seven cases at issue have been filed as class actions.  For class action suits, "[c]ases are related . . . if one or more of the classes involved is the same."  L.R. 40.4(a).  Here, each plaintiff brought its respective class action case on its own behalf and on behalf of all similarly situated parties; each plaintiff alleges both an Injunction Class and a Damages Class.  Plaintiffs Dolgow, Benton, Kaufman, Legacy, Lindley, and Dultz all describe the Injunction Class identically as follows:

> All Delta Dental Providers,[4] not owned or employed by any of the Defendants, that provide dental goods or services within the United States.

*See, e.g.,* Ex. 1, *Dolgow* Compl. § 186; *see also* Exs. 2-6 § 186.  Plaintiff Simon and Simon describes a substantively similar Injunction Class as follows:

> All providers of dental services in the United States who accepted Delta insurance plans and provided services to patients insured by Delta in return for reimbursements from Delta. Excluded from the Class are (a) Delta, its subsidiaries, affiliate entities, employees, and any dental practices owned by Delta, and (b) all federal or state government entities or agencies.

Ex. 7, *Simon* Compl. § 24.

The Damages Class defined in each of the seven complaints also covers the same class of plaintiffs.  Plaintiffs Dolgow, Benton, Kaufman, Legacy, Lindley, and Dultz brought their claims on behalf of the same Damages Class, which is defined as follows:

> All Delta Dental Providers, not owned or employed by any of the Defendants, that provided dental goods or services to a Delta Insured pursuant to a Delta Dental insurance policy within the United States and within four years of the date of filing of this action.

*See* Ex. 1, *Dolgow* Compl. § 187; *see also* Exs. 2-6 § 187.  Plaintiff Simon and Simon similarly describes the Damages Class:

---

[4]  These six plaintiffs define "Delta Dental Providers" to include "dentists and dental practices . . . that accept Delta Dental Insurance."  *See, e.g.*, Ex. 1, *Dolgow* Compl. § 2; *see also* Exs. 2-6 § 2 (same).

6

All providers of dental services in the United States who accepted Delta insurance plans and provided services to patients insured by Delta in return for reimbursements from Delta, from October 14, 2015 until such time as the anticompetitive conduct described herein ceases (the "Class Period"). Excluded from the Class are (a) Delta, its subsidiaries, affiliate entities, employees, and any dental practices owned by Delta, and (b) all federal or state government entities or agencies.

Ex. 7, *Simon* Compl. § 187.

### B. The Six Later-Filed Delta Dental Cases Should Be Reassigned to Judge Bucklo

Local Rule 40.4(b) states that where cases are related, they may be reassigned if each of the following criteria is satisfied:

(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The cases at issue meet each of the criteria in Rule 40.4.

**First,** all seven cases are pending in the Northern District of Illinois. **Second**, the handling of all cases by the same judge will result in a substantial saving of judicial time and effort. The virtually identical defendants, fact allegations and claims in each case means that there will be overlapping motion practice, discovery and legal and fact issues in each case. Reassigning the cases to one judge would therefore be efficient and beneficial.

**Third,** the cases have just been filed. No case has progressed beyond the filing of the initial complaint, so there is no concern that designating a later-filed case as related would delay the proceedings in the first-filed case.

**Finally**, all seven cases are capable of disposition in a single proceeding. Dispositive issues—motions to dismiss, class certification, the request for a permanent injunction, summary judgment, and all issues of liability and damages—will be similar across all seven cases and may be resolved before a single judge. Reassigning these cases to a single judge will maximize

efficiency without prejudicing any party.

*      *      *

Pursuant to Local Rule 40.4(c), a copy of the complaint in each of the seven cases is attached hereto as Exhibits 1-7. A courtesy notice attaching this motion will be filed on the docket in each of the six other cases.

## IV.    CONCLUSION

For these reasons, Plaintiff requests that this Court enter a finding that *B. Kyle Benton, P.A. v. Delta Dental Ins. Co., et al.* (1:19-cv-06739); *Kaufman & Kaufman Smile Design Studio LLC v. Delta Dental Ins. Co., et al.* (1:19-cv-06743); *Legacy Dental Associates, P.C. v. Delta Dental Ins. Co., et al.* (1:19-cv-06744); *Dr. Rick Lindley, DDS, FICD v. Delta Dental Ins. Co., et al.* (1:19-cv-06747); *Dr. Stephen P. Dultz DMD v. Dental Dental Ins. Co., et al.* (1:19-cv-06758); and *Simon and Simon v. Delta Dental Ins. Co., et al.* (1:19-cv-06776) are related within the meaning of Local Rule 40.4 to *Dolgow v. Delta Dental Insurance Company et al*. (1:19-cv-06734), and that the six higher-numbered cases should be reassigned to Judge Bucklo. Pursuant to Local Rule 40.4(d), Plaintiffs further request that such a finding be forwarded to the Executive Committee together with a request that the Committee reassign the higher-number cases.

8

Dated: October 28, 2019                    Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Leonid Feller, P.C.*
Leonid Feller, P.C.
Athena Dalton
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone (312) 705-7400
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

Stephen Neuwirth
Toby E. Futter
Joseph N. Kiefer
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com
tobyfutter@quinnemanuel.com
josephkiefer@quinnemanuel.com

*Counsel for Plaintiffs Robert S. Dolgow, D.D.S., P.A.; B. Kyle Benton, P.A.; Kaufman & Kaufman Smile Design Studio LLC; Legacy Dental Associates; and Dr. Rick Lindley, D.D.S., F.I.C.D.*

**CARNEY, BATES, AND PULLIAM, PLLC**
By: */s/ William P. Creasman*
William P. Creasman
519 W. 7th St.
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
wcreasman@cbplaw.com

*Counsel for Plaintiffs Robert S. Dolgow, D.D.S., P.A.; B. Kyle Benton, P.A.; Kaufman & Kaufman Smile Design Studio LLC; Legacy Dental Associates; and Dr. Rick Lindley, D.D.S., F.I.C.D.*

9

**BERNSTEIN LIEBHARD LLP**

By: */s/ Stanley D. Bernstein*

Stanley D. Bernstein
Stephanie M. Beige
10 East 40th Street, New York, NY 10016
Telephone: (212) 779-1414
bernstein@bernlieb.com
beige@bernlieb.com

*Counsel for Plaintiff Robert S. Dolgow, D.D.S., P.A.*

**MALKINSON & HALPERN P.C.**

By: */s/ John R. Malkinson*

John R. Malkinson
33 N. Dearborn Street-Suite 1540
Chicago, Illinois 60602
Telephone (312) 427-9600
jmalkinson@mhtriallaw.com
*Counsel for Plaintiff Dr. Steven P. Dultz, DMD*

**WOLLMUTH MAHER & DEUTSCH LLP**

By: */s/ Ronald J. Aranoff*

Ronald J. Aranoff
Cassandra Postighone
500 Fifth Avenue-12th Floor
New York, New York 10110
Telephone: 212 382-3300
raranoff@wmd-law.com
cpostighone@wmd-law.com

*Counsel for Plaintiff Dr. Steven P. Dultz, DMD*

**RADICE LAW FIRM, P.C.**

By: */s/ April D. Lambert*

April D. Lambert
John Radice
Daniel Rubenstein
475 Wall Street, Princeton, NJ 08540
Phone: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com
jradice@radicelawfirm.com
drubenstein@radicelawfirm.com

*Counsel for Plaintiff Simon and Simon, P.C. d/b/a City Smiles*

10