**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Robert S. Dolgow D.D.S., P.A., <br><br> Plaintiff, <br><br> v. <br><br> Delta Dental Insurance Company; DeltaCare USA; Delta USA Inc.; Delta Dental Plans Association; Delta Dental Insurance Company Alabama; Delta Dental of Alaska; Delta Dental of Arizona; Delta Dental of Arkansas; Delta Dental of California; Delta Dental of Colorado; Delta Dental of Connecticut; Delta Dental of Delaware; Delta Dental of the District of Columbia; Delta Dental of Florida; Delta Dental Insurance Company–Georgia; Hawaii Dental Service; Delta Dental of Idaho; Delta Dental of Illinois; Delta Dental of Indiana; Delta Dental of Iowa; Delta Dental of Kansas; Delta Dental of Kentucky; Delta Dental Insurance Company–Louisiana; Delta Dental of Maryland; Delta Dental of Massachusetts; Delta Dental of Michigan; Delta Dental of Minnesota; Delta Dental Insurance Company–Mississippi; Delta Dental of Missouri; Delta Dental Insurance Company–Montana; Delta Dental of Nebraska; Delta Dental Insurance Company–Nevada; Delta Dental of New Jersey; Delta Dental of New Mexico; Delta Dental of New York; Delta Dental of North Carolina; Delta Dental of North Dakota; Northeast Delta Dental (of Maine, New Hampshire and Vermont); Delta Dental of Ohio; Delta Dental of Oklahoma; Delta Dental of Oregon; Delta Dental of Pennsylvania; Delta Dental of Puerto Rico; Delta Dental of Rhode Island; Delta Dental of South Carolina; Delta Dental of South Dakota; Delta Dental of Tennessee; Delta Dental Insurance Company–Texas; Delta Dental Insurance Company–Utah; Delta Dental of Virginia; Delta Dental of Washington; Delta Dental of West Virginia; Delta Dental of Wisconsin; and Delta Dental of Wyoming, <br><br> Defendants. | Case No. 1:19-cv-06734 <br><br> Honorable Elaine E. Bucklo <br><br> Honorable Magistrate Sidney I. Schenkier |

**INITIAL CASE MANAGEMENT ORDER**

09534-00001/11202303.1

This Order follows Plaintiffs' Motion for Reassignment, Dkt. 9 which was presented to the Court on November 8, 2019, and shall, unless superseded or modified by subsequent Orders, apply to all actions filed in the Northern District of Illinois alleging the same set of operative facts as those pled in the above-captioned action. A list of all known actions pending in this District as of November 8, 2019 is attached hereto as Schedule A.

A.  **Case Consolidation**

1. On October 11, 2019, Plaintiff Robert S. Dolgow filed the instant case, *Dolgow v. Delta Dental Insurance Company et al.* (1:19-cv-6743), which was assigned to this Court. The *Dolgow* Complaint asserts that a group of fifty-four corporate defendants operating under the Delta Dental Brand (collectively referred to in the Complaint as "Delta Dental") suppressed competition and fixed provider reimbursement rates in violation of the Sherman Act.

2. Later the same day, five virtually identical class action complaints were filed in the Northern District of Illinois against the same group of fifty-four Delta Dental defendants: (1) *B. Kyle Benton, P.A. v. Delta Dental Ins. Co., et al.* (1:19-cv-06739) ; (2) *Kaufman & Kaufman Smile Design Studio LLC v. Delta Dental Ins. Co., et al.* (1:19-cv-06743); (3) *Legacy Dental Associates, P.C. v. Delta Dental Ins. Co., et al.* (1:19-cv-06744); (4) *Dr. Rick Lindley, DDS, FICD v. Delta Dental Ins. Co., et al.* (1:19-cv-06747); and (5) *Dr. Stephen P. Dultz DMD v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-06758).

3. On October 14, 2019, a seventh case was filed alleging substantially similar claims. *Simon and Simon v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-06776).

4. On October 28, 2019, an eighth case was filed alleging identical claims. *Fisher v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07090).

5. On November 4, 2019, a ninth case was filed alleging identical claims. *Tooth Town Pediatric Dentistry, PLLC v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07279).

6. On November 6, 2019, a tenth case was filed alleging substantially similar claims. *Bemus Point Dental LLC v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07362).

7. On November 7, 2019, an eleventh case was filed alleging substantially similar claims. *Rittenhouse Smiles, P.C. v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07395).

8. On November 8, 2019, the Court heard Plaintiffs' unopposed motion to reassign the cases set forth on Exhibit A to its docket and agreed to do so, with a written order to follow.

9. All counsel for Plaintiffs agree that the aforementioned cases, as well as any other cases involving substantially similar allegations that may subsequently be filed in this district should be transferred to this Court and consolidated to further promote the efficient disposition of the claims raised. As such, these cases are hereby consolidated for all further proceedings under docket number: 1:19-cv-06734 (the "Consolidated Action").

**B. Master Docket and Filing**

10. The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "*In re Delta Dental Antitrust Litigation*" under the Index No. 1:19-cv-06734. Every document filed in the Consolidated Action shall bear the following caption:

| IN RE DELTA DENTAL ANTITRUST LITIGATION | **CIVIL ACTION NO.** 1:19-cv-06734 |
|---|---|

11. Documents shall be filed only in the Master Docket, and no further copies need be filed, nor docket entries made, in any other docket.

12. All papers in the Consolidated Action shall be filed by electronic means, through the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) the Local Civil Rules. All documents which are required to be filed in an electronic format must be filed electronically no later than 11:59 p.m. Central Time on the

09534-00001/11202303.1

due date, unless otherwise ordered by the Court.

C. **Organization of Plaintiffs' Counsel**

13. The Court understands that all counsel for Plaintiffs with cases pending in this district have conferred and discussed the organization of Plaintiffs' counsel and have agreed on an appropriate structure to effectively prosecute this case in the best interest of the putative class and for the efficiency of the Court. Therefore, pursuant to Fed. R. Civ. P. 23(g)(2), the Court appoints Stephen R. Neuwirth (Quinn Emanuel Urquhart & Sullivan LLP) and Ronald J. Aranoff (Wollmuth Maher & Deutsch LLP) as Plaintiffs' Interim Co-Lead Class Counsel, who shall be responsible for coordinating Plaintiffs in the conduct of this Consolidated Action and shall:

    a.    direct overall case strategy and case management for the Plaintiffs and the alleged class;

    b.    make, brief, and argue pleadings, motions, and memoranda, and participate in proceedings initiated by other parties;

    c.    initiate, conduct and defend discovery proceedings;

    d.    act as spokespeople at pretrial conferences;

    e.    negotiate with Defendants' counsel with respect to settlement and other matters;

    f.    call meetings of Plaintiffs' counsel when appropriate;

    g.    make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and avoid duplicative or unproductive effort;

    h.    conduct pretrial, trial and post-trial proceedings;

    i.    consult with and employ experts;

  j.  request that the Court approve settlements, if any, and fee awards;

  k.  allocate fees;

  l.  perform such other duties and undertake such other responsibilities as they deem necessary or desirable in the prosecution of this litigation; and

  m.  coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph.

14. No work shall be undertaken by any Plaintiffs' counsel without the express advance authorization of Plaintiffs' Interim Co-Lead Class Counsel. Likewise, no pleadings, motions, discovery or other pretrial proceedings shall be initiated or filed by any Plaintiffs' counsel except through Plaintiffs' Interim Co-Lead Class Counsel or upon their express advance authorization.

15. All Plaintiffs' counsel shall submit to Plaintiffs' Interim Co-Lead Class Counsel (or their designee) a record of the time expended, and costs incurred on a monthly basis, or such other schedule as may be established, in accordance with the procedures established by Plaintiffs' Interim Co-Lead Class Counsel.

16. The Court also appoints a Plaintiffs' Executive Committee comprised of the following members: (i) Robert N. Kaplan (Kaplan Fox & Kilsheimer LLP); (ii) John R. Malkinson (Malkinson & Halpern PC); (iii) John Radice (Radice Law Firm); (iv) Gregory P. Hansel (Preti Flaherty, Beliveau & Pachios LLP); and (v) Eugene A. Spector (Spector Roseman & Kodroff, P.C.), who shall work in tandem with Plaintiffs' Interim Co-Lead Class Counsel in the orderly and efficient prosecution of the Consolidated Action and carry out such duties and responsibilities as are appropriate for the successful prosecution of this action. To enhance efficiency, Mr. Kaplan shall serve as chair of the Executive Committee.

17. For any documents to be filed under seal or otherwise not capable of being filed on the CM/ECF system, Defendants shall effect service of papers on Plaintiffs by serving a copy on

09534-00001/11202303.1

Plaintiffs' Interim Co-Lead Class Counsel by electronic mail. If service by electronic mail is not possible, then service shall be made by hand delivery or overnight mail. Plaintiffs' Interim Co-Lead Class Counsel shall in turn transmit a copy to other Plaintiffs' counsel. The Court's Master Service List shall govern in all proceedings.

**D. Consolidated Amended Complaint**

18. Within 14 days of the entry of the reassignment of the cases identified on Schedule A to the Court's docket, Plaintiffs shall file a Consolidated Amended Complaint ("CAC"). The CAC shall serve as the operative class action complaint, and the Defendants shall not be required to answer or otherwise respond to any other class action complaint filed to date or transferred into this Court.

19. Defendants shall answer, move or otherwise plead in response to the CAC no later than 60 calendar days after the CAC is filed and served. If Defendants opt to move to dismiss the CAC, they shall coordinate so that all common issues are included in a single brief. The foregoing shall not limit any Defendant's ability to file a supplemental motion to dismiss and brief in support addressing issues not common to all Defendants. The parties shall meet-and-confer regarding appropriate page limits for any motion to dismiss briefing and submit a proposed order (or competing proposals if the parties are unable to reach agreement) for consideration by the Court.

20. Plaintiffs' opposition to any such motion(s) shall be due within 60 calendar days of the filing of any such motion(s).

21. Any reply in support of any such motion(s) shall be due within 30 calendar days of the filing of any opposition to such motion(s).

22. With respect to briefing on motion(s) to dismiss, the parties shall promptly meet and confer to determine whether to propose to the Court any modification to the page limits set forth in Local Rule 7.1.

E. **Attorney Admissions**

23.     The Court expects all lawyers who file notices of appearance in this Consolidated Action to comply with this Court's Local Rules and to abide by the terms of any Case Management Orders and Confidentiality Orders.  Any lawyer who will be active in this litigation and expects to be served with copies of court filings must file his or her appearance in this Court and must register as an e-filer for purposes of this case.

24.     Counsel for Plaintiffs shall file a Notice of Related Case in the Master Docket whenever a new case is filed in this District by one or more of Plaintiffs' counsel that they believe should be consolidated into this action unless the action already has been assigned to the undersigned judge.  Counsel for Delta Dental Plans Association shall file a Notice of Related Case in the Master Docket whenever a new case is filed in this District, by counsel other than current Plaintiffs' counsel, that Defendants believe should be consolidated into this action unless the action already has been assigned to the undersigned judge.

F. **Service**

25.     The Court understands from Plaintiffs that Service of Process on all Defendants has already been undertaken in the initial cases filed in this District and such Service of Process is expected to be complete within a matter of days.

26.     Once initial Service of Process is complete for the Complaints thus far on file, as provided by Local Civil Rules 5.5(a)(3) and 5.9, electronic filing of any document shall operate to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Absent a showing of good cause, counsel who do not obtain CM/ECF passwords within 20 days of the entry of this Order need not be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 5.2 ("Privacy Protection for Filings Made with the Court") (effective Dec. 1, 2007).  Similarly, the Clerk of the Court is not required to provide hard

copies of any papers filed electronically in these consolidated cases to counsel who have not entered their appearances on the CM/ECF system and registered for a password granting them access to the electronic dockets.

27. All documents filed under seal or other documents not required to be filed with the Court (*i.e.*, discovery, expert reports, letter correspondence, etc.) shall be served on Interim Co-Lead Class Counsel for Plaintiffs via electronic means, hand delivery or express mail (*e.g.*, FedEx). Plaintiffs' Interim Co-Lead Counsel shall be responsible for the dissemination of each such served document to Plaintiffs' counsel.

G. **Case Designation**

28. The Court believes that this case should be deemed a complex case but recognizes that the parties may wish to make adjustments to the Standing Order Establishing Pretrial Procedures (Local Rule 16.1). Therefore, when ordered by the Court, the parties shall meet and confer to develop a further proposed case management plan consistent with the orders of the court, including as set forth in the Court's Fed. R. Civ. P. 26(f) Initial Planning Report.

H. **Proposed Confidentiality Order and Electronically Stored Information ("ESI") Protocol**

29. The Court anticipates the need for a Confidentiality Order covering all documents, data and other information produced in this case by Plaintiffs, Defendants, or any non-party. The parties shall meet and confer to establish an appropriate Stipulated Confidentiality Order consistent with the Court's standing orders. Likewise, the Court anticipates the need for an agreed upon ESI Protocol. The parties shall meet and confer to establish an appropriate Stipulated ESI Protocol consistent with the Court's standing orders.

I. **Duty to Preserve Evidence**

30. The Court reminds all parties of their duty to preserve evidence. Unless the parties reach an agreement on a preservation plan or the Court orders otherwise, the parties' obligations to

preserve evidence shall be governed by the Federal Rules of Civil Procedure.

J. **Discovery, and Discovery Disputes**

    31.    The Consolidated Action will be subject to the Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDP"), and the parties shall comply with the terms of that Standing Order to the extent they are not modified or supplanted by any provisions of this, or any other order of the Court.

    32.    The parties are to comply with Local Civil Rule 37.2, which governs Motions for Discovery and Production.

K. **Local Rules**

    33.    Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such Rules. For convenience, the Local Rules are posted on the Court's website, https://www.ilnd.uscourts.gov.

L. **Status Conferences**

    34.    The Court will convene status conferences in this litigation as needed, subject to the Court's calendar. The parties shall submit a joint proposed agenda and status report at least three (3) calendar days before each scheduled status conference. An initial pretrial conference has been set for January 31, 2020 at 9:45 a.m.

M. **Settlement**

    35.    The parties are expected to consider and discuss settlement consistent with LR 16.1(5) or as otherwise ordered by the Court.

SO ORDERED.

                                                HON. ELAINE E. BUCKLO
                                                United States District Judge

Date: November 25, 2019

# **SCHEDULE A**

# **CONSOLIDATED ACTIONS AS OF NOVEMBER 13, 2019**

1. *Dolgow v. Delta Dental Insurance Company, et al.* (1:19-cv-06734)

2. *Benton v. Delta Dental Insurance Company, et al.* (1:19-cv-06739)

3. *Kaufman & Kaufman v. Delta Dental Insurance Company, et al.* (1:19-cv-06743)

4. *Legacy Dental Assoc. v. Delta Dental Insurance Company, et al.* (1:19-cv-06744)

5. *Lindley v. Delta Dental Insurance Company, et al.* (1:19-cv-06747)

6. *Dultz v. Delta Dental Insurance Company, et al.* (1:19-cv-06758)

7. *Simon and Simon v. Delta Dental Insurance Company, et al.* (1:19-cv-06776)

8. *Fisher v. Delta Dental Insurance. Company., et al.* (Case No. 1:19-cv-07090)

9. *Tooth Town Pediatric Dentistry, PLLC v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07279)

10. *Bemus Point Dental LLC v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07362)

11. *Rittenhouse Smiles, P.C. v. Delta Dental Ins. Co., et al.* (Case No. 1:19-cv-07395)