**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE DELTA DENTAL ANTITRUST LITIGATION | **CIVIL ACTION NO.**<br><br>1:19-CV-06734<br><br>**JURY TRIAL DEMANDED** |

**NOTICE REGARDING CONSOLIDATED COMPLAINT AND IMPLEMENTATION OF CASE MANAGEMENT ORDER**

Plaintiffs' Interim Co-Lead Class Counsel and the Plaintiffs' Executive Committee hereby notify the Court and Defendants that notwithstanding the recent filing of related cases in the Northern District of Illinois, the Southern District of Florida and the Southern District of Mississippi, the Consolidated Complaint (Dkt. No. 96) remains the operative complaint, and Plaintiffs do not intend to seek further amendment of that Consolidated Complaint prior to the existing deadline for Defendants to answer or otherwise respond to the Consolidated Complaint.

The premises for this Notice are as follows:

On October 11, 2019, Plaintiff Robert S. Dolgow filed the first of a series of cases alleging that a group of corporate defendants operating under the "Delta Dental" brand suppressed competition and fixed reimbursement rates, among other anticompetitive acts, in violation of the Sherman Act. This complaint represented the culmination of almost a year of investigation, factual development and legal analysis, including retention of and work with industry experts and economists, by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and other lawyers on the *Dolgow* complaint.

Five additional cases were filed that same day, all of them in this District, including four additional cases filed by Quinn Emanuel and one filed by the firms Wollmuth Maher & Deutsch

1

LLP ("Wollmuth Maher") and Malkinson & Halpern PC.  A seventh case was filed on October

14 by the Radice Law Firm, an eighth and ninth on October 28 and November 4 by Preti,

Flaherty, Beliveau & Pachios LLP, a tenth on November 6 by Kaplan Fox & Kilsheimer LLP,

and an eleventh on November 7, 2019 by Spector Roseman Kodroff & Willis, P.C.

The Court held a conference with the parties on November 8, 2019.  At the conference,

among other things, the Court directed the parties to meet and confer, in advance of the filing of

a Consolidated Complaint, regarding any suggestions by Defendants that incorrect parties had

been named as defendants.  *See* Transcript of Proceedings Before the Honorable Elaine E.

Bucklo (Nov. 8, 2019) at 11:17-20 (The Court:  "Well, why don't you people talk about that.  It

would really be nice not to have to deal with motion with respect to just an incorrect entity when

you can solve that.").  Later that day, the Court entered a minute order providing that Plaintiffs'

motion to reassign cases to this court pursuant to Local Rule 40.4 was granted.  The minute order

also directed that Plaintiffs' counsel file a Consolidated Complaint within two weeks of the

reassignment, and that Defendants should answer or otherwise respond within 60 days thereafter.

The minute order also set the next conference for January 31, 2020.

With Defendants' consent, counsel for all Plaintiffs in the eleven pending cases on

November 14, 2019, filed a proposed initial case management order (Dkt No. 48) that, among

other things, unanimously proposed that Stephen Neuwirth of Quinn Emanuel, along with

Ronald Aranoff of Wollmuth Maher, be appointed Interim Co-Lead Class Counsel.  It was also

unanimously proposed that Robert N. Kaplan (of Kaplan Fox & Kilsheimer LLP), John R.

Malkinson (of Malkinson & Halpern PC); Jahn Radice (of the Radice Law Firm), Gregory P.

Hansel (of Preti, Flaherty, Beliveau & Pachios LLP), and Eugene A. Spector (of Spector

Roseman & Kodroff, P.C.), serve as members of a Plaintiffs' Executive Committee, with Robert Kaplan to serve as the Executive Committee chair.

The Court entered the proposed CMO on November 25, 2019. The CMO includes provisions for subsequently filed related cases. Specifically, the CMO provides that:

> All counsel for Plaintiffs agree that the aforementioned cases, as well as any other cases involving substantially similar allegations that may subsequently be filed in this district should be transferred to this Court and consolidated to further promote the efficient disposition of the claims raised. As such, these cases are hereby consolidated for all further proceedings under docket number: 1:19-cv-06734 (the "Consolidated Action")

*Id.* at ¶ 9. The CMO reiterates the deadline (two weeks following reassignment of the original cases) for filing a Consolidated Complaint, and directs that the Consolidated Complaint is to be "the operative class action complaint, and the Defendants shall not be required to answer or otherwise respond to any other class action complaint filed to date or transferred into this Court." *Id.* at ¶ 18. The proposed CMO also reiterates the 60-day deadline for Defendants to answer or otherwise respond to the Consolidated Complaint. *Id.* at ¶ 19.

Pursuant to the Case Management Order, the eleven already-filed cases have been consolidated under the caption "In re Delta Dental Antitrust Litigation."

In response to the Court's direction during the November 8, 2019 conference, the parties on November 22, 2019 met and conferred regarding potential errors identified by Defendants in the naming of defendants in the original complaints, as well as certain other issues identified by Defendants. Plaintiffs proposed Interim Co-Lead Class Counsel and Executive Committee members also further revised the core allegations of the complaints to account for substantial ongoing legal and factual assessment and analysis.

Plaintiffs' Interim Co-Lead Class Counsel and the Executive Committee duly filed the Consolidated Complaint on November 26, 2019 (Dkt. No. 96).[1]  That Consolidated Complaint reflects both the feedback from Defendants' counsel regarding the originally named Defendants and other issues, as well as revisions resulting from further assessment, research and analysis by Interim Co-Lead Class Counsel and the Executive Committee.  Under the Case Management Order, Defendants have until 60 days after November 26, 2019 to respond to the Consolidated Complaint.  If Defendants move to dismiss, Plaintiffs will have 60 days thereafter to respond, and Defendants will then have another 30 days for a reply.  *See* CMO ¶¶ 18-22.

Notwithstanding all of the foregoing, a new stand-alone complaint (19-CV-07808), on behalf of the American Dental Association, Peppy Dental, and Janis B. Moriarty, was filed in this District on November 26, 2019, and assigned to Judge Tharp.[2]  This new complaint raises substantially the same allegations as the eleven original complaints.  It is a classic "copy-cat" complaint, notwithstanding some variations in style and substance.  Ironically, it includes many features – both in terms of underlying claims and named defendants – that were in the originally-filed complaints but have since been removed or revised in the Consolidated Complaint after productive and cooperative discussions with defense counsel.  The new complaint does not

---

[1] A number of other counsel representing impacted dentists and dental practices, including Keller Rohrback LLP, Reinhardt Wendorf & Blanchfield LLP and McLafferty Law Firm P.C. indicated a desire to file complaints in this district to join in the prosecution of this action. Each of them contacted interim co-lead class counsel in advance of any filing. Rather than filing individual cases, they each agreed to join as counsel of record in the Consolidated Complaint to work within the structure already ordered by the Court for the continued efficient prosecution of this action.

[2] This case was filed as "related" to the first filed case before Your Honor (*Dolgow v. Delta Dental Insurance Company* and now titled *In re Delta Dental Antitrust Litigation* docket no.19-cv-06734) and Plaintiffs' Interim Co-Lead Class Counsel and the Executive Committee believe it should be transferred to Your Honor and subject to the existing Case Management Order (Dkt No. 95) for all purposes.

reflect the further work by Interim Co-Lead Class Counsel and the Executive Committee, nor does it account for the meet and confer process in which Interim Co-Lead Class Counsel and Defendants' counsel engaged. Notably, counsel for plaintiffs in the new complaint never even contacted Interim Co-Lead Class Counsel or any member of the Executive Committee prior to filing the new complaint.

On November 27, 2019, counsel for Defendant Delta Dental Plans Association, pursuant to the initial Case Management Order, filed a Notice of Related Case (Dkt. No. 97) regarding the new complaint, requesting that the new complaint be consolidated with the instant action. The Notice of Related Case also noted that pursuant to the Case Management Order, the Consolidated Complaint is the only operative complaint to which Defendants are obligated to respond. *See* Case Management Order, Dkt. 95 at ¶19.

On December 9, 2019, a full two months after the initial complaints were filed in this district, a new complaint was filed in the United States District Court for the Southern District of Florida, Miami Division, captioned *Dr. Stephen N. Obeng, DMD v. Delta Dental Plans Association et al.*, Case No. 1:19-cv-15072-UU, and assigned to the Honorable Judge Ursula Ungaro. On December 11, 2019, another new complaint was filed in the United States District Court for the Southern District of Mississippi, Northern Division, captioned *Dr. William Dickey, DMD v. Delta Dental Plans Association*., Case No. 19-cv-00910-DPJ-FKB and assigned to the Honorable Judge Daniel P. Jordan. These new complaints replicate the allegations as pleaded in the late-filed complaint in this district on behalf of American Dental Association, Peppy Dental, and Janis B. Moriarty, and thus like that complaint are again "copycat" complaints.

Plaintiffs Interim Co-Lead Class Counsel and the Executive Committee have reviewed the new belatedly filed complaints, and have determined that it would serve the best interests of

the class to proceed on the basis of the existing Consolidated Complaint (Dkt No. 96), with the named plaintiffs and proposed class representatives in that Consolidated Complaint. Proceeding on this basis also allows the case to proceed on the schedule previously ordered by the Court and incorporated into the initial Case Management Order (Dkt No. 95).

At the same time, as a result of these two belated filings in different districts, Plaintiffs' Interim Co-Lead Class Counsel and Executive Committee on December 13, 2019, filed a motion with Judicial Panel On Multidistrict Litigation ("JPML") seeking to have all of the new cases transferred to this Court for coordinated and consolidated pre-trial proceedings.

Importantly, JPML Rule 2.1(d) provides: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Courts thus regularly recognize that the filing of a JPML motion is not a basis for a stay of pending proceedings in a district court. *See e.g., In re Pradaxa Prod. Liab. Actions*, 2012 WL 2357425 (S.D. Ill. 2012); *Tweet v. Syngenta AG (In re Syngenta Mass Tort Actions)*, 2016 WL 3680735 (S.D. Ill. 2016); *Smith v. OSF Healthcare Sys.*, 2016 U.S. Dist. LEXIS 147557 (S.D. Ill. 2016). And this is all the more so here, given the timing of the newly filed cases relative to the proceedings in this Court. Plaintiffs' Interim Co-Lead Class Counsel and Executive Committee are prepared to continue prosecuting the case before this Court on its current schedule.

As with any counsel that may file, in this or any other jurisdiction, a new complaint alleging the same set of operative facts, Plaintiffs Interim Co-Lead Class Counsel and the Executive Committee are prepared to work cooperatively with counsel in any of the newly filed

complaints, and would welcome their participation as part of the overall case team representing the named plaintiffs and the alleged class.

Dated: December 13, 2019

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By /s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Toby E. Futter
Joseph Kiefer
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  212 849-7000
stephenneuwirth@quinnemanuel.com
tobyfutter@quinnemanuel.com
joekiefer@quinnemanuel.com

Leonid Feller, P.C.
Athena Dalton
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

*Interim Co-Lead Class Counsel*

**WOLLMUTH MAHER & DEUTSCH LLP**

By /s/ Ronald J. Aranoff
Ronald J. Aranoff
Cassandra Postighone
500 Fifth Avenue – 12th Floor
New York, New York  10110
Telephone: (212) 382-3300
raranoff@wmd-law.com
cpostinghone@wmd-law.com

*Interim Co-Lead Class Counsel*

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Gregory Arenson
Elana Katcher
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Chair, Plaintiffs' Interim Executive Committee*

**SPECTOR ROSEMAN & KODROFF, P.C.**
Eugene A. Spector
Jeffrey L. Spector
William G. Caldes
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkattorneys.com
jspector@srkattorneys.com
bcaldes@srkattorneys.com

*Member, Plaintiffs' Interim Executive Committee*

**MALKINSON & HALPERN, P.C.**
John R. Malkinson
33 North Dearborn Street, Suite
1540 Chicago, IL 60602
Telephone: (312) 427-9600
jmalkinson@mhtriallaw.com

*Member, Plaintiffs' Interim Executive Committee*

**RADICE LAW FIRM**
John Radice
April Dawn Lambert
475 Wall Street
Princeton, NJ 08540
Telephone (312) 339-7140
radice@radicelawfirm.com
alambert@radicelawfirm.com

*Member, Plaintiffs' Interim Executive Committee*

**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
Gregory P. Hansel
Randall B. Weill
Michael S. Smith
Elizabeth F. Quinby
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com
equinby@preti.com

*Member, Plaintiffs' Interim Executive Committee*

**CARNEY, BATES, AND PULLIAM, PLLC**
William P. Creasman
519 W. 7th St.
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
wcreasman@cbplaw.com

*Counsel for Plaintiffs*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Stephanie M. Beige
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
bernstein@bernlieb.com
beige@bernlieb.com

*Counsel for Plaintiffs*

**FREED KANNER LONDON & MILLEN LLC**
William H. London
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
wlondon@fklmlaw.com

*Counsel for Plaintiffs*

**REINHARD WENDORF & BLANCHFIELD**
Garrett D. Blanchfield, Jr.
Brant D. Penney
332 Minnesota Street, Suite W-1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com

*Counsel for Plaintiffs*

**KELLER RORHBACK L.L.P.**
Mark A. Griffin
Raymond Farrow
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Mgriffin@kellerrohrback.com
Rfarrow@kellerrohrback.com

*Counsel for Plaintiffs*

**MCLAFFERTY LAW FIRM, P.C.**
David P. McLafferty
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 940-4000 ext. 12
dmclafferty@mclaffertylaw.com

*Counsel for Plaintiffs*