IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Delta Dental Antitrust Litigation | ) ) ) ) ) No.19 C 6734 ) ) |

ORDER

   Defendants' motion to stay proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation is denied. This antitrust case began with the filing of several very similar cases in this district on October 11, 2019, of which the lowest-numbered case was assigned to me. Additional cases were filed soon after. On November 8, 2019, I granted plaintiffs' unopposed motion for reassignment of these cases to me, having found that they satisfied the requirements of Local Rule 40.4. At the hearing on the motion to reassign, the parties agreed that plaintiff's counsel would file a consolidated amended complaint ("CAC") within two weeks of the reassignment. Plaintiffs' counsel also reported that they had agreed on a proposed interim case leadership structure and had prepared a proposed initial case management order to be filed after conferring with defense counsel.

   The related cases were reassigned on November 12, 2019, and on November 25, 2019, I entered plaintiffs' proposed initial case

management order. Under that order, I appointed interim lead counsel, ordered the filing of the CAC, gave defendants sixty days to answer or otherwise plead, and set dates for responses and replies, as necessary. The order included direction as to an expected proposed confidentiality order, electronically stored information, initial discovery and preservation of evidence, as well as the admission of additional counsel. Plaintiffs filed the CAC on November 26, 2019. Defendants' responsive pleading is due on January 26, 2020.

Defendants' motion to stay argues that if the current schedule in this court is not put on hold pending the creation of an MDL—which no one disputes is the likely outcome—they will be prejudiced by having to answer the growing number of complaints filed in other jurisdictions. They agree that the earliest hearing date before the JPML is likely to be March 26, 2020, but they speculate that the Panel will rule within a few weeks thereafter. It seems to me, however, that defendants underestimate the possibility that a decision by the Panel may take longer than expected, while overestimating the likelihood that they will suffer any material prejudice if this case proceeds in the meantime. Defendants represented at the hearing that several plaintiffs in the newly filed cases have indicated that they will agree to a stay of those cases, but only if this case is stayed. Regardless of whether the

plaintiffs in those cases agree to a stay, the likelihood that defendants will actually be required to answer or otherwise plead in those cases is minimal, much less that they will begin discovery.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: December 20, 2019