# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DELTA DENTAL ANTITRUST LITIGATION | **CIVIL ACTION NO.** |
| | 1:19-CV-06734 |
| | **MDL No.** 2931 |
| *This document relates to: ALL ACTIONS* | Hon. Elaine E. Bucklo |

## AGREED PROTECTIVE ORDER

Pursuant to Paragraph C of the Court's Scheduling Order dated September 11, 2020 (Doc. No. 306), and upon the stipulation of the Parties, through their respective counsel of record, to this Protective Order; accordingly, it is ORDERED:

1. <u>Scope</u>. All information, including data, produced or adduced in the course of discovery by parties and nonparties, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The terms of this Order shall apply to parties, as well as to any nonparties that produce documents or testimony pursuant to any document request, notice of deposition, or subpoena issued in this litigation or to whom disclosure of Protected Information is made pursuant to the terms of Paragraphs 7(b)-(c). Nonparties must be provided with a copy of this Order along with any document request, notice of deposition, or subpoena issued in this litigation.

2. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party or producing nonparty that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical or dental information concerning any individual; (e) personally identifying information; (f) information concerning minor children; (g) data protected from disclosure by State, Federal, or foreign regulations (*e.g.*, HIPAA); and/or (h) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. <u>Highly Confidential Information</u>. As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" by the producing party or producing nonparty that they reasonably believe contains highly sensitive and competitive business, pricing, and/or marketing information, the disclosure of which could result in significant commercial or competitive harm to the designating party.

4. The term "Protected Information" means, collectively, information designated as "Confidential Information" or "Highly Confidential Information" under this Order.

5. <u>Designation</u>.

(a) A party or nonparty may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the

document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

      (b)    The designation of a document as Confidential or Highly Confidential Information is a certification by an attorney or a party or nonparty appearing pro se that the document contains Protected Information as defined in this Order.[1]

---

[1] An attorney who reviews the documents and designates them as Protected Information subject to this Order must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and rules of this Court on the subject matter of the designation.

    (c)  For information produced in electronic or video format, and for any other tangible items, the producing party or nonparty shall affix in a prominent place on the exterior of the container or containers or in any electronic repository or electronic document in which the information is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER," or both, as appropriate, in addition to the information or tangible items themselves.

  6. <u>Depositions</u>.

  All deposition testimony taken in this case shall be treated as Confidential Information until the thirtieth day (30th) after the final transcript is delivered to the party or nonparty defending the deposition (the "Designation Period") unless (a) all parties agree on the record at the time the deposition testimony is taken that the deposition testimony shall not be treated as Protected Information; or (b) a party or nonparty requests on the record at the time the deposition testimony is taken that the deposition testimony be treated as Highly Confidential Information during the Designation Period, in which case all testimony from that deposition shall be treated as Highly Confidential Information during the Designation Period. Within the Designation Period, a party or nonparty may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated as Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential Information, unless otherwise ordered by the Court.

Following the Designation Period, transcripts containing testimony designated as Confidential or Highly Confidential Information shall have the following notation on the cover page: NOTE: THIS DEPOSITION IS SUBJECT TO PROTECTIVE ORDER and contain a copy of the designations as part of the official transcript. Any reproductions of a transcript or portion of a transcript containing Confidential or Highly Confidential Information shall be appropriately labeled.

7. <u>Protection of Confidential Material</u>.

(a) <u>General Protections</u>. Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified. For the avoidance of doubt, nothing in this Order shall prevent or restrict a producing party from disclosing or using its own discovery material for any purpose.

(b) <u>Limited Non-Party Disclosures - Confidential Information</u>. Receiving parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any nonparty or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> (1) Counsel. For Confidential Information, counsel for the receiving parties and their employees who have responsibility for the action. For Highly Confidential Information, outside counsel for the receiving parties.
>
> (2) Parties. Receiving parties and employees of a receiving party but only to the extent counsel determines in good faith that the

        employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

(3)      The Court and its personnel.

(4)      Court Reporters and Video Recorders. Court reporters and Video Recorders engaged for depositions.

(5)      Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(6)      Consultants and Experts. Consultants, investigators, and experts and their staff employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. This definition includes a professional jury or trial consultants retained in connection with this litigation.

(7)      Witnesses. For depositions or testimony at any hearing or trial in this action, witnesses who are not a party or employee of a party in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness may have knowledge, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)      Author, Addressee, or recipient. The author, addressee, or recipient of the document.

(9)      Mediators and their staff as ordered by the Court or agreed to by the Parties.

6

     (10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  (c) <u>Limited Non-Party Disclosures - Highly Confidential Information</u>. Material produced and designated as "Highly Confidential Information" may be disclosed only to as set forth in subparagraphs 7 (b)(1) and 7(b)(3)-(10) above. If disclosure proceeds by agreement of the designating party or by Order of the Court, the person to whom the Highly Confidential material is disclosed must have signed a non-disclosure agreement in the form attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to Be Bound prior to such disclosure.

  (d) <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent any disclosure of Protected Information not specifically authorized by this Order.

  (e) <u>Agreement to be Bound by Protective Order (Attachment A)</u>. To the extent that this Order requires any persons to acknowledge their obligations under this Order, that acknowledgment shall be accomplished by the execution of the Acknowledgement of Understanding and Agreement to Be Bound (Attachment A). The counsel for the party that obtains such signed agreements shall maintain the originals of those forms for a period of one year after the termination of the case, including any appeals.

  8. <u>Failure to Designate</u>. A failure to designate a document as Protected Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony unless otherwise ordered by the Court. If a party or nonparty designates a document as Protected Information in writing after it was initially produced, the receiving party, on notification of the designation, must make a

reasonable effort to assure that the document is treated in accordance with the provisions of this Order. Promptly after providing such notice, the designating party or nonparty shall provide re-labeled copies of the material to all parties reflecting the change in designation. The non-designating party shall replace the incorrectly designated material with the newly designated materials and will destroy or delete the incorrectly designated materials and any copies thereof. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, and where the material is subsequently designated Protected Information.

9. <u>Filing of Protected Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

10. <u>No Greater Protection of Specific Documents</u>. Except as provided for in this Order, no party or nonparty may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party or nonparty moves for an order providing such special protection or the parties otherwise agree.

11. <u>Production of Privileged Material</u>. Pursuant to Federal Rule of Civil Procedure 26 Federal Rule of Evidence 502(d) and (e), the Parties agree that the production or disclosure, whether inadvertent or otherwise, of any information in connection with the pending litigation that is covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection, including but not limited to the common interest and joint defense privileges, shall not constitute a waiver of such privilege or protection in this litigation or in any other federal or state proceeding. Instead, the producing party shall be entitled to assert such privilege or

8

protection, and the information and its subject matter shall be treated as if there has been no such disclosure.

Upon discovering the disclosure of information that the producing party believes in good faith to be covered by attorney-client privilege, work product protection, or other evidentiary privilege or protection, the producing party shall promptly provide written notification to the receiving party identifying the documents or portions thereof that contain privileged or protected information, in accordance with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

Upon notification from the disclosing party that information covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection has been produced, the receiving party will (a) promptly return the information and all copies of the information in its possession; (b) delete any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any nonparties, including experts; (d) destroy or sequester any notes that reveal the substance of the protected information; and (e) make no use of the information. The receiving party will promptly confirm in writing to the producing party that these steps have been taken. Promptly following notification to the receiving party that information covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection has been produced, the producing party shall provide the receiving party with a replacement production in the same format as the original production, with the protected information appropriately withheld or redacted.

The receiving party may contest the privilege or work product designation by the disclosing party, and shall have the right to apply for an order that such information is not protected from disclosure by any privilege, law, or doctrine. The receiving party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the substance of the

protected contents of the materials (including in contesting the assertion of protection or privilege). Any motion contesting the privilege or work product designation shall be submitted to the Court *in camera* for review or, if the Court directs, filed under seal. Pending resolution of such a challenge, the receiving party must continue to sequester the information contained in any notes and, in the event the Court concludes that the information is protected from disclosure, delete the information from any notes or any portions thereof that reveal the substance of the privileged information. The producing party must preserve the information pending resolution of the privilege challenge and, in the event the Court concludes that the information is not protected from disclosure, promptly provide the receiving party with a replacement production.

If a party independently discovers that it has received documents or information that reasonably appear to be privileged, the party shall timely notify the other party, and in any event, no later than 10 days after such discovery.

12. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and (e), and Federal Rule of Evidence 502(b) shall not apply. Nothing contained herein is intended to or shall limit a party's right to conduct a pre-production review of hard-copy documents, electronically stored information ("ESI") or any other information (including metadata) for relevance, responsiveness, privilege and/or protection, and nothing herein is intended to curtail a party's right to challenge any documents, ESI or any other information withheld based on a claim of relevance, responsiveness, privilege and/or protection.

13. <u>Challenges by a Party to Designation as Protected Information or as Privileged Material</u>. The designation of any material or document as Protected Information or as Privileged Material is subject to challenge by any party. A party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is

disclosed. However, the receiving party must exercise its right to challenge a confidentiality or privilege designation within sixty (60) days after discovery of the legal basis giving rise to the challenge and the identification of the need to challenge the designation. The following procedure shall apply to any such challenge:

(a) <u>Meet and Confer</u>. A party challenging the designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party or nonparty. In conferring, the challenging party must identify in writing by Bates number or privilege log-identifying number the material challenged and explain the basis for its belief that the designation was not proper. The designating party or nonparty shall be provided an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party or nonparty must respond to the challenge within ten (10) business days. If agreement is reached confirming, changing or waiving the designation as to any material subject to the objection, the designating party or nonparty shall serve on all parties a notice specifying the document and the nature of the agreement. If the designation is changed or waived, the designating party or nonparty shall also produce copies of all materials with the agreed-upon designation at the expense of the designating party or nonparty.

(b) <u>Judicial Intervention</u>. A party that elects to claw back information pursuant to this Order shall serve a privilege log on all parties within seven (7) days of providing notice of the intent to claw back such information that complies with Federal Rule of Civil Procedure 26(b)(5) contains the Bates numbers of the documents clawed back, as well as the basis for designating such documents as protected by an applicable privilege, law, or doctrine. A party that elects to challenge a confidentiality or privilege designation (subject to paragraph 11 above) may

file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party or nonparty. Until the Court rules on the challenge, all parties shall continue to treat the materials as designated for confidentiality and/or privilege under the terms of this Order.

14. <u>Action by the Court</u>. Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15. <u>Use of Confidential Documents or Information at Motion Hearings and Trial</u>. Except as expressly set forth herein, nothing in this Order shall be construed to affect the use of Protected Information in connection with any presentation of evidence and argument at hearings. To the extent that any Party has concerns that a party or non-party that should not have access to Protected Information may be present at a hearing or may attempt to access the transcript of the hearing, such Party shall raise the concern with the other Parties, who will attempt to resolve the issue in good faith and seek relief from the Court if necessary. The use of Protected Information at trial shall be addressed by the parties in a pretrial order after meeting and conferring in good faith.

16. <u>Protected Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a) If a receiving party is served with a discovery request, subpoena, civil investigative demand, grand jury subpoena, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the

receiving party must so notify the designating party or nonparty, in writing, immediately and in no event more than three (3) business days after receiving the discovery request, subpoena or order. Such notification must include a copy of the subpoena, discovery request, or court order.

   (b) The receiving party also must immediately inform in writing the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all of the material covered by the request, subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena, discovery request, or order to issue.

   (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or nonparty in this case an opportunity to try to protect its Protected Information in the court from which the discovery request, subpoena or order is issued. The designating party or nonparty shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information designated by another party or nonparty to this case.

  17. <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public may have a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

  18. <u>Obligations on Conclusion of Litigation</u>.

(a) <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Obligations at Conclusion of Litigation</u>. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal or the dismissal of all of a party's claims, all Protected Information marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - (OUTSIDE) ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 5(a), shall be destroyed by the receiving party unless it has been offered into evidence or filed without restriction as to disclosure. Within sixty-five (65) days after the final termination of this action, including any appeals, counsel for the receiving party shall certify in writing to the producing party that all such Protected Information has been destroyed.

(c) <u>Retention of Work Product and Filed Documents</u>. Notwithstanding the above requirements to return or destroy documents, counsel may retain archival copies of all pleadings, motion papers, transcripts, drafts or final expert reports, legal memoranda, correspondence and all attorney work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order. In addition, counsel may retain attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) <u>Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System</u>. Filings under seal shall be deleted from the ECF system only upon order of the Court.

19. <u>Attorney Rendering Advice</u>. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Information in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

20. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

21. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

It is so **ORDERED.**

Dated: _____

                                                THE HONORABLE ELAINE E. BUCKLO

**SO STIPULATED.**

Dated: September 30, 2020            Respectfully submitted,

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **WOLLMUTH MAHER & DEUTSCH LLP** |
|---|---|
| By:    */s/ Stephen R. Neuwirth* <br> Stephen R. Neuwirth <br> Toby E. Futter <br> Joseph Kiefer <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> Telephone: 212 849-7000 <br> stephenneuwirth@quinnemanuel.com <br> tobyfutter@quinnemanuel.com <br> joekiefer@quinnemanuel.com | By*:*    */s/ Ronald J. Aranoff* <br> Ronald J. Aranoff <br> Cassandra Postighone <br> 500 Fifth Avenue – 12th Floor <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> raranoff@wmd-law.com <br> cpostinghone@wmd-law.com <br><br> *Interim Co-Lead Class Counsel* |

Leonid Feller, P.C.
Athena Dalton
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

*Interim Co-Lead Class Counsel*

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Gregory Arenson
Elana Katcher
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Chair, Plaintiffs' Interim Executive Committee*

*/s/ Kathy L. Osborn*
Kathy L. Osborn
Ryan M. Hurley
Anna Marie Behrmann
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
(317) 237-8261
kathy.osborn@faegredrinker.com
ryan.hurley@faegredrinker.com
anna.behrmann@faegredrinker.com

Colby Anne Kingsbury
FAEGRE DRINKER BIDDLE & REATH LLP
311 S. Wacker Dr., #4400
Chicago, IL 60606
(312) 212-6573
colby.kingsbury@faegredrinker.com

Jeffrey S. Roberts
Joshua P. Mahoney
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, CO 80203
(303) 607-3500
jeff.roberts@faegredrinker.com
joshua.mahoney@faegredrinker.com

*Counsel for Defendants Delta Plan of Arkansas, Inc., Delta Dental of Indiana, Inc., Delta Dental of Kentucky, Inc., Delta Dental Plan of Michigan, Inc., Delta Dental Plan of New Mexico, Inc., Delta Dental of North Carolina, Delta Dental Plan of Ohio, Inc., and Delta Dental of Tennessee*

*/s/ Benjamin W. Hulse*
Jerry W. Blackwell
Benjamin W. Hulse
Gerardo Alcazar
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
612-343-3200
blackwell@blackwellburke.com
bhulse@blackwellburke.com

*/s/ Britt M. Miller*
Britt M. Miller
Daniel K. Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
dstorino@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants Delta Dental Plans Association, DeltaUSA, Delta Dental of Connecticut Inc., Delta Dental Plan of Idaho, Inc. d/b/a Delta Dental of Idaho, Dental Service of Massachusetts, Inc. d/b/a Delta Dental of Massachusetts, Delta Dental of Missouri, Delta Dental of New Jersey, Inc., Oregon Dental Service d/b/a Delta Dental of Oregon, Delta Dental of Washington, and Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming*

*/s/ Howard Ullman*
Stephen V. Bomse
Russell P. Cohen
Howard Ullman
Nicole Gelsomini
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-5700
sbomse@orrick.com
rcohen@orrick.com
hullman@orrick.com

Emily Luken
ORRICK HERRINGTON & SUTCLIFFE LLP

galcazar@blackwellburke.com

Lori Swanson
Mike Hatch
SWANSON HATCH, P.A.
431 South 7th Street
Suite 2545
Minneapolis, MN 55415
612-315-3037
lswanson@swansonhatch.com
mhatch@swansonhatch.com

*Counsel for Defendants Delta Dental of Minnesota and Delta Dental of Nebraska*

*/s/ David E. Dahlquist*
David E. Dahlquist
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
312-558-5600
ddahlquist@winston.com

*Counsel for Defendants Arizona Dental Insurance Service, Inc. d/b/a Delta Dental of Arizona, Hawaii Dental Service, Delta Dental of Iowa, Delta Dental of Kansas Inc., Maine Dental Service Corporation d/b/a Delta Dental Plan of Maine, Delta Dental Plan of New Hampshire, Inc., Delta Dental Plan of Oklahoma, Delta Dental of Rhode Island, Delta Dental of South Dakota, and Delta Dental Plan of Vermont, Inc.*

*/s/ Allison W. Reimann*
Allison W. Reimann
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703
608-257-3911
areimann@gklaw.com

*Counsel for Defendant Delta Dental of Wisconsin, Inc.*

Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
202-339-8400
eluken@orrick.com

Brian Joseph Murray
Timothy D. Elliot
RATHJE WOODWARD LLC
300 E. Roosevelt Road
Suite 300
630-668-8500
Wheaton, IL 60187
bmurray@rathjewoodward.com
telliott@rathjewoodward.com

*Counsel for Defendants Delta Dental Insurance Company, Delta Dental of California, Delta Dental of Delaware, Delta Dental of the District of Columbia, Delta Dental of New York, Delta Dental of Pennsylvania, Delta Dental of Puerto Rico, and Delta Dental of West Virginia*

*/s/ Scott D. Stein*
Scott D. Stein
Colleen M. Kenney
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
sstein@sidley.com
ckenney@sidley.com

*Counsel for Defendants Colorado Dental Service, Inc. d/b/a Delta Dental of Colorado, Delta Dental of Illinois, and Delta Dental of Virginia*

ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE DELTA DENTAL ANTITRUST LITIGATION | **CIVIL ACTION NO.**<br><br>1:19-CV-06734<br><br>MDL No. 2931<br><br>Hon. Elaine E. Bucklo |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm or entity. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____

## **CERTIFICATE OF SERVICE**

      I, Stephen R. Neuwirth, an attorney, hereby certify that on September 30, 2020, I caused a copy of the foregoing Agreed Order to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

DATED: September 30, 2020      *Stephen R. Neuwirth*
                                           Stephen R. Neuwirth
                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                             51 Madison Avenue, 22nd Floor
                                             New York, New York 10010
                                             Telephone: 212 849-7000
                                             E-Mail: stephenneuwirth@quinnemanuel.com

                                             *Attorney for Plaintiffs*