**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE DELTA DENTAL ANTITRUST LITIGATION<br><br>*This document relates to:  ALL ACTIONS* | **CIVIL ACTION NO.**<br>1:19-CV-06734<br>**MDL No. 2931**<br>Hon. Elaine E. Bucklo |

**PLAINTIFFS' MOTION TO COMPEL**
**REGARDING SEARCH TERMS, CUSTODIANS, AND PRE-2014 DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that Defendants be compelled to (1) produce search term hit reports and include co-defendant custodian names as search terms; (2) identify individuals corresponding to key roles and responsibilities, identify predecessors and successors to agreed custodians during the relevant time period, and add certain custodians described in the accompanying Memorandum that plainly maintained responsive documents; and (3) collect and produce responsive documents in addition to board materials that pre-date 2014 in response to Plaintiffs' requests made without temporal limitation.

As explained in detail in the accompanying Memorandum, well-established law supports each of Plaintiffs' positions.  Courts regularly have required litigants to produce search-term hit reports to substantiate purported claims of burden.  The use of co-defendant custodian names as search terms also is a common and accepted practice in conspiracy cases for the simple reason that communications among senior executives at supposed competitors are likely to produce evidence of the conspiracy.  Defendants' refusal to disclose whether their proffered custodians cover each of the key roles and responsibilities identified by Plaintiffs deprives Plaintiffs of basic knowledge

1

necessary to determine whether Defendants have selected appropriate custodians or have omitted essential ones. Defendants' failure to designate the predecessors and successors to agreed custodians who held the same role during the relevant time period is improper as a matter of law and virtually guarantees that responsive documents will be excluded. Defendants also should be required to add a small number of additional custodians that Plaintiffs have identified for whom there is no credible dispute that they possess responsive materials. Lastly, Defendants' attempt to limit their production in response to 17 of Plaintiffs' requests for production to board materials—notwithstanding that the overwhelming majority of documents responsive to these requests would never have made it to the board of directors' level—has no basis in fact or law and should be rejected.

Plaintiffs and Defendants repeatedly have met and conferred regarding these issues and are at an impasse. Accordingly, and for the reasons set forth in more detail in the accompanying memorandum, Plaintiffs respectfully request that their Motion to Compel be granted.

Dated: October 4, 2021                                    Respectfully submitted,

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **WOLLMUTH MAHER & DEUTSCH LLP** |

By:   */s/ Stephen R. Neuwirth*                By*:*   */s/ Ronald J. Aranoff*
Stephen R. Neuwirth                            Ronald J. Aranoff
Toby E. Futter                                 Philip R. Schatz
51 Madison Avenue, 22nd Floor                  Nicole M. Clark
New York, New York 10010                       William J. Hagan
Telephone:  212 849-7000                       500 Fifth Avenue – 12th Floor
stephenneuwirth@quinnemanuel.com               New York, New York 10110
tobyfutter@quinnemanuel.com                    Telephone: (212) 382-3300
                                               raranoff@wmd-law.com
Leonid Feller, P.C.                            pschatz@wmd-law.com
Athena Dalton                                  nclark@wmd-law.com
191 N. Wacker Drive, Suite 2700                whagan@wmd-law.com
Chicago, Illinois 60606
Telephone: (312) 705-7400                      *Interim Co-Lead Class Counsel*
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

*Interim Co-Lead Class Counsel*


**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Chair, Plaintiffs' Interim Executive Committee*

3

## CERTIFICATE OF SERVICE

I, Stephen R. Neuwirth, an attorney, hereby certify that on October 4, 2021, I caused a true and correct copy of the foregoing **Plaintiffs' Motion to Compel Regarding Search Terms, Custodians, and Pre-2014 Documents** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Stephen R. Neuwirth*
Stephen R. Neuwirth
Toby E. Futter
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212 849-7000
stephenneuwirth@quinnemanuel.com
tobyfutter@quinnemanuel.com

Leonid Feller, P.C.
Athena Dalton
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

*Interim Co-Lead Class Counsel*