UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | 1:19-CV-06734, |
| DELTA DENTAL ANTITRUST LITIGATION ) | MDL No 2931 |

**BRIEF IN SUPPORT OF HUMANA INC.'S MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA**

Defendants—dental insurers—have issued subpoenas to several competing dental insurers that are not parties to this action, seeking (among other information) data regarding *every* insurance claim submitted to the non-party insurers over the past seven years. This data would disclose information about the insurers' reimbursement rates for *every* procedure and *every* provider in *every* part of the country. This is highly sensitive information—provider reimbursement rates are the principal way in which dental insurers control costs for themselves and their members. This information is particularly sensitive in this case, given that Defendants and subpoena recipients are direct competitors.

This motion is brought on behalf of one such insurer: Humana. Humana and the issuing Defendant, Delta Dental of Arizona, have engaged in negotiations, and the nature of their impasse is limited. Humana has agreed to produce some of the information Defendant deemed most critical. However, the parties are at an impasse regarding the request for claims data.

Humana has attempted to compromise. Specifically, Humana has indicated that it would agree to produce all but one field of claims data (despite the extreme overbreadth of the request) if the parties could reach agreement on how to keep the competitive reimbursement information from falling into the hands of anyone at Delta Dental. The parties have discussed options for how to address these concerns, but have not reached an agreement yet. In the meantime, nonparty Guardian Life Insurance proposed to Defendant a blinded data approach that would involve

1

production of *anonymized* claims data *together through an independent aggregator*, conditioned on certain modifications to the protective order. Humana informed Delta Dental that it agreed with Guardian's proposal and suggested it as a compromise. Delta Dental rejected Humana's proposal, taking the position that Humana had "already agreed" to produce non-blinded data, among other objections.

Guardian Life file a motion to quash or modify the subpoena (Dkt. 485), including the request for claims data. Humana joins Guardian's motion to the extent it is directed to the request for claims data, including Guardian's arguments regarding modifications to the protective order and cost-shifting.

## BACKGROUND

On March 4, 2022, Defendant Arizona Dental Insurance Service, Inc. d/b/a Delta Dental of Arizona issued a nonparty subpoena to Humana—a competing dental insurer. Ex. A. The subpoena contained thirty requests; it was similar in scope to the subpoena issued to Guardian. *See* Dkt. 485 (Guardian Brief in Support of Motion to Quash or Modify). Humana served timely objections (Ex. B) and the parties began to confer.

It was clear from the start that Defendants were primarily interested in claims data (Request No. 1) and enrollment data (Request No. 21), among other categories. The parties have had many meet and confer calls and written production, which ultimately led to Humana's production of a subset of enrollment data and its agreement to produce the remaining requested enrollment data.

But Humana and Defendant have been unable to agree on the request for claims data. Specifically, Defendant requested:

> Structured Data showing each Dental Claim that was submitted to You for all Patient Encounters during the relevant time period. Provide the following information for each Dental Claim:

2

a. Date of Service;
b. Name of Dental Provider;
c. Tax ID of Dental Provider;
d. NPI of Dental Provider;
e. Specialty of Dental Provider
f. Whether the Dental Provider participated in Your Provider Network when the service was performed and, if so, the name of the network;
g. Name of practice;
h. Address of the facility where the Patient Encounter occurred;
i. Any unique numerical identifier used by You to identify the patient;
j. Any unique numerical identifier used by You to identify the Subscriber (including
any identifier used to distinguish between multiple individuals covered by the same
Subscriber, e.g. dependents);
k. Patient zip code (or zip code used for patient billing (e.g., subscriber zip code) if
the patient's residential address is not available);
l. Any unique numerical identifier used by You to identify the Dental Claim or any
portion thereof:
m. Group name and group number;
n. The name and type of patient's Dental Plan (e.g., PPO, EPO, DHMO, POS,
Medicare Advantage, Medicaid, etc.);
o. Risk type (e.g., fully insured or ASO);
p. For each Dental Good or Service itemized on the Dental Claim:

    1. Description of the Dental Goods or Services purchased, including any
    dental terminology procedure codes and modifiers used to identify the
    Dental Good or Service on the Dental Claim;
    2. The tooth number surface, and quadrant;
    3. The submitted charges;
    4. The approved amount;
    5. The amount of the submitted charges that were disallowed;
    6. The allowed amount of reimbursement;
    7. The amount paid by You;
    8. The date of payment;

> 9. The amount of, reason for, and date of any adjustments; and
> 10. The amount for which the patient was responsible, including copayment, coinsurance, deductible, amounts not covered by the Dental Plan (e.g., amounts for uncovered services, or in excess of the allowed amount in the case of an out-of-network claim), or other amounts.

Ex. A, Request No. 1. This request is obviously extremely broad, and subject to serious confidentiality concerns. A health insurer's reimbursement rates are among the most confidential information the insurer has. Defendant is a direct competitor of Humana in the dental insurance space, and the requested data would enable to Defendant to piece together every reimbursement rate for every procedure, everywhere in the country. Defendant would thus be able to undercut Humana in provider negotiations at every turn. In addition, Humana has a duty to its insureds to produce the least amount of their data as possible.

Throughout discussions with Defendants, Humana has repeatedly indicated its willingness to produce the claims data if its concerns regarding the data falling into the hands of anyone at Delta Dental could be resolved. From its very first written objections through communications in the past few weeks, Humana has made its confidentiality concerns clear. While attempting to work with Defendant on a proposal for the production of the claims data that would alleviate Humana's confidentiality concerns, the blinded data proposal was put on the table by Guardian.

Defendants requested this same claims data from several other dental insurers, including Guardian, who proposed a compromise: it would jointly produce anonymized data through an independent aggregator, such that each insurer would be identified as "Carrier A," "Carrier B," or the like. Humana joined in this proposal as a solution to allow the claims data production to move forward. Guardian then proposed this compromise on behalf of the group. *See* Dkt. 485 at 1 ("Counsel for the other five carriers authorized Guardian to propose this compromise on their

4

behalf, provided that they all participate. Defendants rejected this proposal."). Defendants rejected the proposal.

Guardian has now brought a motion to quash or modify the subpoena, and Humana joins it to the extent it is directed to Request No. 1.

## ARGUMENT AND STATEMENTS OF JOINDER

### I. Legal Standards Under Rule 45(d)

Humana joins Argument I of Guardian's motion, which explains the legal standards applicable to a nonparty subpoena. Dkt. 485 at 2-6.

### II. This Court should limit the scope of Request No. 1 to anonymized claims data produced through an independent aggregator.

Humana and Defendants have reached an impasse regarding only one request: the request for claims data. As explained more fully above, in Guardian's motion and in Guardian's accompanying exhibits, several non-party insurers have jointly offered to produce ***anonymized*** claims data through an independent aggregator. Producing the data in this form (along with modifications to the protective order) would safeguard the confidentiality of the non-parties' reimbursement rates. *See generally* Dkt. 485, Ex. C ¶ 4-32 (affidavit of Guardian's counsel detailing Guardian's negotiations on this issue, including the joint offer). In particular, Humana supports the proposal referenced in paragraph 23 of Guardian's counsel's affidavit, and Humana was among the insurers that authorized Guardian to make the representation alluded to in paragraph 26.

Accordingly, Humana joins Argument II.A of Guardian's motion to the extent it is directed at Request No. 1. Dkt. 485 at 6. Humana, like Guardian, is a dental insurer.[1] Guardian's statements about the sensitive nature of reimbursement rates and claims data apply equally to

---

[1] Humana also provides other kinds of insurance that are not at issue here.

5

Humana. Dkt. 485 Ex. F (Affidavit of Gary MacGregor) ¶¶ 9-24. In brief: the claims data must be anonymized because unblinded data would give Defendants an enormous competitive advantage and would seriously hamper Humana's ability to compete with Defendants. Defendants would be able to use their intimate knowledge of Humana's provider reimbursement to undercut Humana in negotiations with providers.

Because Humana and Defendant have not reached an impasse regarding any other request, Humana reserves the right to make any available argument regarding those requests if such an impasse should arise in the future.

### III. This Court should enter additional protective order safeguards to protect non-party Humana.

Humana joins Argument III of Guardian's motion in full. Dkt. 485 at 11-14. This portion of the motion seeks modifications to the protective order that would safeguard the competitive and confidential claims data of competing dental insurers.

### IV. This Court should order Defendant to compensate Humana for the time and expense of responding to the subpoena.

Humana joins Argument IV of Guardian's motion in full. Dkt. 485 at 14-15. This portion of the motion asks the Court to protect non-parties from the significant expense imposed by the subpoena.

## CONCLUSION

For the foregoing reasons and those set forth in Guardian's motion, this Court should (1) modify Request No. 1 to permit the non-party insurers to produce anonymized claims data through an independent aggregator; (2) modify the protective order to include additional protections for non-parties; and (3) protect non-parties from the significant expense imposed by the subpoena.

Respectfully Submitted,

*/s/ Kirstin Ives*
Kirstin Ives
Falkenberg Ives LLP
230 W Monroe Street, Ste 2220
Chicago, IL 60606
312-566-4803
kbi@falkenbergives.com

## **LOCAL RULE 37.2 STATEMENT**

Counsel recognizes that Local Rule 37.2, by its terms, applies only to "any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure," and not to motions to quash under Rule 45. Nevertheless, counsel states as follows: after consultation by telephone and good faith attempts to resolve differences, Humana and Defendants were unable to reach an accord. The telephone conversations were as follows:

- May 9, 2022 at 1:30 p.m. between Kirstin Ives and Megan Zmick for Humana and DaWanna McCray and Henry Blattner for Delta Dental.

- May 23, 2022 at 1:00 p.m. between Megan Zmick for Humana and DaWanna McCray, Henry Blattner, and David Dahlquist for Delta Dental.

- July 8, 2022 at 10:30 a.m. between Megan Zmick for Humana and DaWanna McCray and Henry Blattner for Delta Dental.

- July 15, 2022 at 1:00 p.m. between Megan Zmick for Humana and DaWanna McCray and Henry Blattner for Delta Dental.

- August 22, 2022 at 2:00 p.m. between Megan Zmick for Humana and DaWanna McCray and Henry Blattner for Delta Dental.

- January 17, 2023 at 10:00 a.m. between Kirstin Ives and Megan Zmick for Humana and DaWanna McCray and Henry Blattner for Delta Dental.

       */s/ Kirstin Ives*
       Kirstin Ives
       Falkenberg Ives LLP
       230 W Monroe Street, Ste 2220
       Chicago, IL 60606
       312-566-4803
       kbi@falkenbergives.com