IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Delta Dental<br>Antitrust litigation | )<br>)<br>)<br>)<br>) | No. 19 CV 6734<br><br>MDL No. 2931 |

ORDER

This multi-district class action alleges that a class of dental insurers and related entities violated and continue to violate Section 1 of the Sherman Act, 15 U.S.C. § 1, through a price-fixing conspiracy. A subset of the named defendants, to which the parties refer as the "Enterprise Defendants,"[1] moves for a protective order barring plaintiffs from deposing Michael Hankinson, whom the Enterprise Defendants identified in the Rule 26 disclosures they served on November 12, 2020, as a potential fact witness on a number of topics. The basis for the motion is

---

[1] The "Enterprise State Defendants" are a group of affiliated Delta Dental member companies that include Delta Dental Insurance Company ("DDIC"), Delta Dental of California, Delta Dental of Delaware, Delta Dental of the District of Columbia, Delta Dental of New York, Delta Dental of Pennsylvania, Delta Dental of Puerto Rico, and Delta Dental of West Virginia. Delta Dental Insurance Company, in turn, covers the territories of Alabama, Florida, Georgia, Louisiana, Mississippi, Montana, Nevada, Texas, and Utah. ECF 498 at 1, n.1.

that because Mr. Hankinson is a "dual-hatted" employee—he has been both a senior business executive and an in-house lawyer at times relevant to this action—his testimony is "presumptively disfavored as a matter of law" and likely to implicate privileged subject matter. Mot., ECF 480 at 8. The motion is denied.

To begin, there is no blanket presumption against deposing a party's in-house attorneys. *See Armada (Singapore) Pte Ltd v. Amcol Int'l* Corp., 160 F. Supp. 3d 1069, 1070 (N.D. Ill. 2016) (party's former general counsel was "not automatically exempt from deposition. ... Like other citizens, [attorneys] are subject to the long recognized obligation of all citizens to give evidence.") (internal quotation marks and citations omitted). Defendants extract this supposed presumption from *Shelton v. American Motors Corporation*, 805 F.2d 1323 (8th Cir. 1986). But even setting aside that the Seventh Circuit has not embraced the so-called "*Shelton* test*," *Shelton* concerned a deposition of the defendant's trial attorney to determine whether the defendant possessed documents relevant to the plaintiffs' claims in the case. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002). The Eighth Circuit has characterized the decision as "intended to guard against the 'harassing practice of deposing opposing counsel ... that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process.'"

*Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729–30 (8th Cir. 2002) (quoting *Shelton*, 805 F.2s at 1330.). There is nothing harassing about seeking to depose, as a fact witness, a business executive that *defendants identified in their Rule 26 disclosures* as a person with knowledge of relevant facts.

Moreover, while it is true that some courts in this district have invoked *Shelton* in precluding the deposition of a party's attorney, they have done so in circumstances far different from those presented here. *See, e.g., Lincoln Nat'l. Life Ins. v. TCF Nat'l Bank,* No. 10 C 6142, 2011 WL 13119407, at *1-*2 (N.D. Ill. Dec. 12, 2011) (precluding deposition of in-house attorney who was "responsible for developing and implementing litigation strategy regarding this matter," played "no role in the case other than as a lawyer," and whose only knowledge of the facts of the case "came to her as a lawyer[.]"); *Stalling v. Union Pac. R.R. Co.*, No. 01 C 1056, 2004 WL 783056, at *1 (N.D. Ill. Jan. 23, 2004) (barring deposition of the defendant's in-house counsel, who had "no personal knowledge regarding the facts of the accident" underlying the suit, and the questions plaintiff sought to ask her were on issues previously addressed by another witness concerning information "available in materials already produced[.]"). Neither these nor defendants' remaining authorities supports barring Mr. Hankinson's deposition based on his broad statement that he has been "substantially involved in the legal strategy for this case

3

and communications regarding the same." Hankinson Decl., ECF 480-1 at ¶ 5. *See Armada*, 160 F. Supp. 3d at 1072 (in-house counsel's declaration stating that he "acted as transactional counsel and provided legal advice to facilitate the commercial transactions at issue in this case" offered a "breezy gloss on his activity" that did not warrant barring his deposition anticipatorily).

Indeed, Mr. Hankinson can answer a range of questions seeking non-privileged information he obtained in the non-legal roles he admits he has held with the DDC Enterprise, including: president of DDIC, which is the Delta Dental licensee in some states and an indirect subsidiary of Delta Dental of California; Corporate Secretary for Delta Dental of California and other Enterprise State Defendants; director on the board of directors of Delta Dental of Delaware; and Chair of the board of directors of Delta Dental of West Virginia and Delta Dental of the District of Columbia. *Id.* at ¶ 6. Indeed, not only did defendants identify Mr. Hankinson as a witness with knowledge on several relevant issues, but at least one of the witnesses already deposed in this case suggested that Mr. Hankinson is the individual best situated to answer questions about the Enterprise defendants' organizational structure. *See* Pl.'s Resp., Exh. E, ECF 496-5 at 44. Accordingly, none of the authorities the Enterprise Defendants cite persuades me to depart from the ordinary rule that a party asserting privilege must do so on a question-by-question basis. *See id.* at 1070-71, ("[q]uestions

of privilege must be assessed on a question by question basis and cannot be resolved fungibly even before the deposition begins.").

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 26, 2023